# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30706

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2017

Lyle W. Cayce
Clerk

THEOSHAMOND NORMAN,

Plaintiff-Appellant

v.

SERGEANT JERRY JOHNSON, in his individual and official capacity,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-108

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Theoshamond Norman, Louisiana prisoner # 407759, moves for leave to proceed in forma pauperis (IFP) in his appeal of the grant of the defendant's motion for summary judgment and dismissal of his civil rights lawsuit as untimely. By filing his motion, Norman challenges the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30706

We review de novo a grant of summary judgment, "viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Surratt v. McClarin*, 851 F.3d 389, 391-92 (5th Cir. 2017). The district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Louisiana's one-year liberative prescription scheme, including any applicable tolling provisions, applies to Norman's 42 U.S.C. § 1983 action. *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016); LA. CIV. CODE ANN. art. 3492. On a motion for summary judgment, once the movant has proved that the applicable limitations period has expired or prescribed, the burden shifts to the nonmovant to prove that some exception to the application of that period applies. *Bourdais v. New Orleans City*, 485 F.3d 294, 298 (5th Cir. 2007).

On appeal, Norman raises several arguments that he did not raise in opposition to or in support of summary judgment or in opposition to the magistrate judge's report. Such arguments are waived and are not considered. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339-40 (5th Cir. 2005). Norman failed to adequately brief, and thus waived, other arguments. Although pro se briefs are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Norman contends that the district court improperly decided disputed factual issues regarding whether his complaint was filed timely. He argues that his complaint should not be considered time barred because there were periods during which he was legally unable to act due to his limited access to a notary. As noted by the magistrate judge, neither Norman's complaint nor

any other documents are notarized.  However, all of those documents are dated February 19, 2015.  There is no evidence in the record that supports Norman's assertion that his complaint should be considered filed before that date. Accordingly, Norman failed to demonstrate that the fact of the date of filing was "genuinely disputed."  *See* FED. R. CIV. P. 56(c)(1)(A) (requiring such support).  Because there was no such dispute, the district court did not base its grant of summary judgment on its resolution of a factual dispute.

In light of the foregoing, Norman has failed to show that his appeal involves legal points arguable on their merits.  *See Howard v. King*, 707 F.3d 215, 220 (5th Cir. 1983).  We therefore deny his IFP motion and dismiss the appeal as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of the instant appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Norman is warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.